UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04131-SLD-RLH |
| | ) | |
| AUTO-OWNERS INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court is Plaintiff Brenda Brown's Emergency Motion to Vacate Orders, Dismiss for Lack of Subject Matter Jurisdiction, and Transfer Venue Due to Fraud Upon the Court, ECF No. 31. The Court STRIKES Brown's motion because it is procedurally improper. Even if the Court were to consider the merits, it would DENY the motion as substantively groundless.

**BACKGROUND**

In this case, Brown seeks recovery from Defendant Auto-Owners Insurance Company ("Auto-Owners") for breaching an insurance contract by failing to provide coverage for certain property damage. *See* Not. Removal 1–2, ECF No. 1; Compl. 2–4, ECF No. 1-1. On April 30, 2025, the Court stayed the case pending the completion of an appraisal process. *See* Apr. 30, 2025 Text Order. In January of 2026, Brown's attorney, Christina Phillips, sought to withdraw as counsel. *See* Mot. Withdraw, ECF No. 26. In response, Brown filed a 141-page document (exclusive of exhibits) entitled "Investigative Reports and Plaintiff's Response to Christina Phillips' Motion to Withdraw as Counsel of Record," ECF No. 28. Magistrate Judge Hanna struck this filing as improperly filed because (a) Brown "filed the response on her own behalf

1

when she was still represented by counsel," (b) the response "far exceeds the substance of the motion to which it responds," (c) "the relief [B]rown seeks appears to arise, in part, from her divorce proceedings in state court," and (d) Brown's request for judicial recusal "can only be made upon a proper motion." Jan. 23, 2026 Text Order. One month after Judge Hanna struck Brown's response, she filed the emergency motion now before the Court

Brown filed a materially identical emergency motion in another case she has pending before this Court. *See* Emergency Mot., *Brown v. Vancil*, No. 4:23-cv-04190-SLD-RLH (C.D. Ill. Feb. 23, 2026), ECF No. 112. In that case, Brown seeks to recover for alleged impropriety in the course of her divorce proceeding in Illinois state court (the "Divorce Proceeding"). *See* Sep. 24, 2024 Order 3–10, *Brown v. Vancil*, No. 4:23-cv-04190-SLD-RLH (C.D. Ill. Sep. 24, 2024), ECF No. 100. The alleged impropriety includes ex parte communications with the judges in her case, a conspiracy between Brown's own counsel and counsel for her husband to deprive Brown of assets, and fraud by the judges in her case in the form of wrongly applying the law and overlooking criminal conduct by attorneys and judicial actors. *See generally* Compl., *Brown v. Vancil*, No. 4:23-cv-04190-SLD-RLH (C.D. Ill. Oct. 30, 2023), ECF No. 1 to 1-3. On September 24, 2024, the Court stayed that case "pending resolution of Brown's state court case." Sept. 24, 2024 Order 2, *Brown v. Vancil*, No. 4:23-cv-04190-SLD-RLH (C.D. Ill. Sep. 24, 2024), ECF No. 100.

In the instant motion, Brown seeks dismissal or transfer of her case to a different venue because the judges assigned to this case committed misconduct similar to that perpetrated by the state court judges and attorneys in her other case. *See* Emergency Mot. 38–39. She also asks the Court to vacate all previous orders. *Id.* at 38. Brown claims that Judges Darrow and Hanna are participating in the same criminal conspiracy as the judges and attorneys in Illinois state court.

2

The facts underlying her conclusion are wide-ranging, but central to Brown's motion is Judge Hanna's allegedly fraudulent decision to strike her response to Phillips's motion to withdraw. *See, e.g.*, Emergency Mot. 2, 5–6, 17–21, 23–24, 31–32, 34–36.

Auto-Owners responds that the Court plainly has subject matter jurisdiction over Brown's claim, that her claims of fraud on the court are "unsupported vituperative conclusions which are abusive, harassing, repetitive, scandalous and wholly improper," and that the appropriate way to address adverse rulings is to appeal. *See generally* Resp. Emergency Mot., ECF No. 33.

## DISCUSSION

It is appropriate to strike Brown's motion because it is procedurally improper. First, it exceeds the page count permitted by the local rules. Civil Local Rule 7.1(B)(4)(a) states: "A memorandum in support of and in response to a motion must be double-spaced and must not exceed 15 pages in length . . ." Civil LR 7.1(B)(4)(a). Brown's motion spans 38 pages, exclusive of the prayer for relief, signature, and certificate of service. *See generally* Emergency Mot.

Second, this case is stayed pending resolution of the appraisal process. *See* Apr. 30, 2025 Text Order. The parties have filed joint status reports limited to addressing the status of the appraisal. *See, e.g.*, Status Report, ECF No. 21. So long as the case remains stayed, Brown's motion is therefore improper. *See Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, No. 10-641-NHR-DGW, 2014 WL 12753788 (S.D. Ill. June 30, 2014) ("[R]esolution of motions to dismiss is not proper until the stay is lifted . . .."). It would be improper to construe Brown's motion as a motion to lift the stay since she opposes Auto-

Owners's pending motion to lift the stay, ECF No. 29. *See generally* Resp. Mot. Lift Stay, ECF No. 32.

Even if the Court were to consider the merits, it would deny Brown's motion. The motion is so sprawling that the claims are difficult to decipher. Piecing together her argument, it seems that Brown alleges the existence of a vast criminal enterprise involving all of the federal and state judges overseeing her cases, as well as the attorneys in those cases, aimed at depriving Brown of her rights. Alleged acts flowing from the conspiracy include fraud by Phillips, who misinformed Brown about her rights under the Illinois Uniform Arbitration Act, *see* Emergency Mot. 16, insidious judicial action when Magistrate Judge Hanna struck Brown's response, *id.* at 2, and the failure of Auto-Owners to renew Brown's insurance coverage, *id.* at 28. Brown reasons that this "fraud upon the court," *id.* at 1, has deprived the Court of subject matter jurisdiction and requires transfer of the case to a different venue so that Brown's case can be overseen by judges free of local corruption, *see id.* at 38.

Assuming this understanding of Brown's allegations is correct, her motion is essentially absurd. To name a few of the many reasons that Brown's motion has no merit: (1) if the Court lacked subject matter jurisdiction, the appropriate action would be to dismiss this case without prejudice, not to transfer it to a different venue; (2) the allegations about a conspiracy in state court goes to the merits of Brown's case, and they therefore cannot rationally support Brown's request for a lack of justiciability; (3) Brown provides no evidence of any sort that, if her allegations of a conspiracy in state court are accurate, the federal judges overseeing this case are party to the conspiracy; (4) Judge Hanna properly struck Brown's 200-page "Investigative Reports and Plaintiff's Response to Christina Phillips' Motion to Withdraw as Counsel of Record" for the reasons cited in his text order, *see* Jan. 23, 2026 Text Order; and (5) Brown

appears to be motivated by disagreement with the Court's rulings, *see, e.g.*, Emergency Mot. 11–13, but it goes without saying adverse judicial decisions do not constitute racketeering, conspiracy, or fraud upon the court.

## CONCLUSION

Accordingly, the Court STRIKES Plaintiff Brenda Brown's Emergency Motion to Vacate Orders, Dismiss for Lack of Subject Matter Jurisdiction, and Transfer Venue Due to Fraud Upon the Court, ECF No. 31.  The Clerk is DIRECTED to strike this filing on the docket.

Entered this 10th day of July, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
