E-FILED
Friday, 31 July, 2026  09:58:51 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRENDA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04131-SLD-RLH |
| | ) | |
| AUTO-OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

<u>ORDER</u>

Before the Court is Plaintiff Brenda Brown's Emergency Motion to Vacate and Reconsider, ECF No. 37.  For the reasons that follow, the motion is DENIED.

**BACKGROUND**

In this case, Brown seeks recovery from Defendant Auto-Owners Insurance Company ("Auto-Owners") for breaching an insurance contract by failing to provide coverage for certain property damage.  *See* Not. Removal 1–2, ECF No. 1; Compl. 2–4, ECF No. 1-1.  On April 30, 2025, the Court stayed the case pending completion of an appraisal process.  At that time, Brown had counsel and the parties had agreed that the matter should proceed to appraisal.  *See, e.g.*, Joint Status Report, ECF No. 21.  On January 2, 2026, Brown's counsel moved to withdraw.  *See* Mot. Withdraw, ECF No. 26.  On January 15, 2026, Auto-Owners filed a motion to lift the stay in order to compel appraisal.  *See generally* Mot. Lift Stay.  A week later, Magistrate Judge Ronald L. Hanna granted the motion to withdraw.  Jan. 22, 2026 Min. Entry.  Brown was thereafter proceeding *pro se*.  After being directed to respond to Auto-Owner's motion by the Court, *see* Feb. 17, 2026 Text Order, Brown timely filed her response, resisting Auto-Owners' motion to lift the stay, *see generally* Resp. Mot. Lift Stay, which the Court struck due to its (1)

1

failure to comply with the local rules and (2) complete non-responsiveness to the motion to lift stay, *see* July 10, 2026 Second Order 2, ECF No. 35.  The Court also granted Auto-Owners's motion, lifting the stay and compelling appraisal.  *Id.* at 5.  On July 23, 2026, Brown filed the pending Emergency Motion to Vacate and Reconsider.  *See generally* Emergency Mot. Vacate & Reconsider.  Auto-Owners timely filed its response resisting Brown's motion.  Resp. Emergency Mot., ECF No. 41.

## DISCUSSION

Although Brown's motion references Federal Rules of Civil Procedure 59(e), 60(b)(4), and 60(d), Emergency Mot. Vacate & Reconsider 1, these are not appropriate vehicles for relief because judgment has not been entered yet.  The motion is instead properly construed as a motion to reconsider an interlocutory order.  "[I]t is well established that a district court has the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993); *see Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't*, 510 F.3d 681, 694 n. 5 (7th Cir. 2007) (noting that a "district court ha[s] broad authority to reconsider" an interlocutory order); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").  "Unlike motions to reconsider final judgments, which are governed by . . . Rule . . . 59 or 60, a motion to reconsider an interlocutory order . . . may be entertained and granted as justice requires." *United States v. Gerard*, No. 1:14-CV-67-TLS, 2017 WL 4769662, at *1 (N.D. Ind. Oct. 23, 2017) (quotation marks omitted); *see also* Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment ("[I]nterlocutory judgments [and orders] are not brought within the restrictions of

2

[Rule 60(b)], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

A motion for reconsideration "essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Brown raises two issues in her motion, neither of which entitle her to relief. First, she argues that "the challenged orders are legally void due to fraud upon the Court." Emergency Mot. Vacate & Reconsider 2 (capitalization altered). This is now at least the fourth time Brown has argued "fraud upon the court." *See* Resp. Mot. Withdraw, ECF No. 28; Emergency Mot. Vacate Orders, ECF No. 31; Resp. Mot. Lift Stay, ECF No. 32. Each time, the Court has stricken her filing for failure to comply with local rules. *See* Jan. 23, 2026 Min. Entry; July 10, 2026 First Order, ECF No. 34; July 10, 2026 Second Order. The Court has also rejected the merits of this argument. *See* July 10, 2026 First Order 4–5 (detailing why her fraud upon the court claim fails on the merits). This is, undoubtedly, a "rehashing of previously rejected arguments," *Caisse Nationale*, 90 F.3d at 1270, and thus not an appropriate basis for reconsideration.

Second, Brown argues that "the Court lacks authority to compel an unconstitutional, unenforceable arbitration mandate." Emergency Mot. Vacate & Reconsider 3 (capitalization altered). She raises two specific theories of unconstitutionality: (1) the Seventh Amendment and (2) the Make-Whole Doctrine. *Id.* At the outset, the Court notes that, although "an appraisal

3

clause [in a contract] is considered analogous to an arbitration clause," *B&D Inv. Grp., LLC - 8507-8527 S. 88th Ave. Series v. Mid-Century Ins.*, No. 20-cv-03299, 2021 WL 6125853, at *2 (N.D. Ill. Dec. 28, 2021) (citing *Lundy v. Farmers Grp., Inc.*, 750 N.E.2d 314, 318 (Ill. App. Ct. 2001)), it has compelled appraisal, not arbitration.  The Court cannot find any cases suggesting that directing compliance with a contractually obligated appraisal process violates a party's Seventh Amendment Rights.  And even if the Court were to treat the appraisal as arbitration, the contract eliminates any right to a trial by jury in this case.  *See Hawkins v. Aid Ass'n for Lutherans*, 338 F.3d 801, 808 (7th Cir. 2003) ("[T]here is no constitutional right to a civil jury trial outside of an Article III forum.  By acquiescing to the terms and conditions of their open contract with [the defendant], Appellants waived their right to a trial by jury and agreed to resolve their dispute through . . . arbitration procedures instead." (citations omitted)).  As such, the Seventh Amendment does not support reconsideration of the Court's prior order.

Moreover, Brown's reliance on the Make-Whole Doctrine is similarly misplaced.  The Court once again notes that she bases her argument on a "binding arbitration framework," which is not at issue in the Court's ruling.  Brown provides no citations to support her Make-Whole Doctrine argument, merely asserting that "[c]ontrolling Seventh Circuit decisional law mandates that the ultimate legal purpose of an insurance policy is to restore an insured fully to their pre-storm, pre-fire condition."  Emergency Mot. Vacate & Reconsider 3.  Even accepting this as true, she does not explain how this mandate means that she cannot be compelled to comply with an appraisal.  In fact, it seems to the Court that an appraisal could support her Make-Whole theory by clearly establishing the dollar amount of damage sustained to her property.  Brown has not demonstrated that the Make-Whole Doctrine supports reconsideration of the Court's prior order.

4

**CONCLUSION**

Accordingly, Plaintiff Brenda Brown's Emergency Motion to Vacate and Reconsider, ECF No. 37, is DENIED.

Entered this 31st day of July, 2026.

s/ Sara Darrow

SARA DARROW
UNITED STATES DISTRICT JUDGE
